696 So.2d 194 (1997)
Scott C. GARZA, Plaintiff-Appellant,
v.
Timothy James FONTENOT, et al., Defendant-Appellee.
No. 97-125.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
William Nolan Cox, Lake Charles, for Scott C. Garza.
David Ross Frohn, Elizabeth Brooks Hollins, Lake Charles, for Timothy James Fontenot et al.
Before DOUCET, C.J., DECUIR, J., and BABINEAUX[1], J. Pro Tem.
DOUCET, Chief Judge.
This case arises out of a two vehicle traffic accident at the Lakeshore Drive exit of I-10 in Lake Charles on October 6, 1994. Plaintiff, Scott Garza, was a passenger in a pickup truck operated by Samuel Armentor which was eastbound on I-10. The truck exited at the Lakeshore Drive exit. At that same time a delivery truck owned by defendant, Century Papers, Inc., was being driven eastbound in the right-hand lane of the I-10 access road and was approaching the Lakeshore Drive Exit. The access road is controlled by a "Yield" sign at its intersection with the exit. The pickup truck successfully exited the interstate and attempted to move into the right hand lane of the access road. At that point it was struck from the rear by the Century Paper truck operated by Timothy *195 Fontenot. The plaintiff, Mr. Garza, sustained shoulder injuries and was transported to Lake Charles Memorial Hospital. In the district court, the trial judge allocated fault 80% to Fontenot, whose fault was imputed to his employer, and 20% to Mr. Armentor. He awarded plaintiff $2,359.74 in past medical expenses and $10,000.00 in general damages. Mr. Garza appeals seeking an increase in the general damage award and an award for future medical expenses. We amend and affirm as amended.

FACTS
The facts in this case are not at issue. Plaintiff, Scott Garza, appeals on two quantum issues only: the amount of general damages awarded and the failure by the trial court to award future medical expenses.
We first address the trial court's failure to award damages for future medical expenses. The standard of review of this issue was discussed by this court in Herpin v. Witherspoon, 95-370, p. 14 (La.App. 3 Cir. 11/2/95); 664 So.2d 515, 523, wherein we stated the following:
In Stevens v. Hartford Insurance Company of the Midwest, 94-523 at p. 10 (La. App. 3 Cir. 11/2/94), 646 So.2d 981, 986; writ denied, 95-0311 (La.3/24/95), 651 So.2d 296, we quoted with approval from the second circuit case of Eddy v. Litton, 586 So.2d 670, 675 (La.App. 2 Cir.1991), writ denied, 590 So.2d 1203 (La.1992), which enunciated the standard of review applicable to special damages:
The discretion afforded the trier of fact to assess special damages is narrower or more limited than the discretion to assess general damages. Some special damages, such as medical and related expenses, cost to repair or replace damaged property, loss of wages, etc., are easily measured. A plaintiff pleading a special damage must produce some evidence by which that loss can be reasonably measured. Proof of a potential special damage or loss does not meet a plaintiff's burden of proof .... (citations omitted.)
In the case sub judice, the uncontradicted testimony of plaintiff's treating physician, Dr. Robert Bernauer, established that plaintiff sustained a torn rotator cuff in the accident. Dr. Bernauer testified that plaintiff needed surgery to repair the tear since a torn rotator cuff would not heal without surgical intervention. He estimated the total cost of the procedure plus a month of post surgery physical therapy at $7,000.00 to $8,000.00. He stated that following surgery and physical therapy he expected full recovery.
Accordingly, we find plaintiff met his burden of proof and established with reasonable certainty the need and cost of necessary future medical treatment. We therefore amend the trial court judgment to award $7,500.00 in future medical expenses.
We next address the general damages awarded by the trial court. The rules governing appellate review of general damage awards have been meticulously set out by our supreme court as follows:
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck [v. Stevens, 373 So.2d 498 (La.1979)] to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993); cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
*196 The trial judge awarded $10,000.00 in general damages. He gave no explanation for this award in his reasons for judgment. However, after a hearing on plaintiff's motion for a new trial on damages, the trial judge did state that he "did take into consideration the possibility of this man having to have an operation in the future." We have weighed this statement along with Dr. Bernauer's testimony and have concluded that, although we may have made a larger award for general damages, the trial judge's award is not "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances." Id. We, therefore, refuse to disturb the general damage award.
Accordingly, for the reasons stated above, the judgment of the trial court is amended to add an award of $7,500.00 in future medical expenses, and the judgment is affirmed as amended. Costs of this appeal are assessed against defendants.
AFFIRMED AS AMENDED.
NOTES
[1] Honorable Allen M. Babineaux, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.